**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4706

JOHN WILLIE DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-96-105)

Submitted: April 17, 1997

Decided: May 1, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
E. Jean Howard, Assistant United States Attorney, Christopher W.
Seybolt, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Willie Davis appeals from his jury conviction for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a) (1994). Davis first contends that the district court erred in denying his motion for acquittal. Second, he asserts that the district court committed plain error by failing to instruct the jury on the lesser included offense of simple possession. We hold that there was sufficient evidence for a jury to convict Davis. We also hold that the district court was not required to give the disputed instruction sua sponte. Accordingly, we affirm Davis's convictions.

On November 30, 1995, Greenville Police Detectives Kelly Riggs and Kenneth Bowser conducted a traffic stop of Davis's vehicle, because it ran a red light and several stop signs. Davis was operating the vehicle and accompanied by a passenger, Samuel Cobb. Once the car stopped, Cobb exited the vehicle and attempted to flee. Bowser apprehended Cobb and retrieved a plastic bag of crack cocaine from where Cobb had thrown it. Riggs arrested Davis and found $551 in cash on his person.

At trial, Cobb testified that the crack cocaine he threw belonged to Davis. He also testified that he had known Davis for fifteen years and had never known him to have a job. A chemist testified that the bag contained 5.36 grams of crack cocaine, and Bowser stated that this amount of crack cocaine would have an estimated street value of $1,000.

The defense presented testimony that Davis's common law wife had given him most of the cash to pay for a lay-away. Two former prison mates of Cobb's testified that Cobb told them the drugs belonged to him and not to Davis. Finally, Davis's cousin testified that Cobb had tried to sell him crack cocaine just prior to Davis's and Cobb's arrests.

2

The jury charge did not include a lesser included offense instruction regarding simple possession. The defense neither requested such an instruction nor objected to the omission of such an instruction. The jury found Davis guilty of possession with intent to distribute crack cocaine. This appeal followed.

We review the denial of a motion for acquittal under a sufficiency of evidence standard. See Fed. R. Crim. P. 29; United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992)."To sustain a conviction[,] the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the Government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Davis asserts that there was insufficient evidence to support his conviction. He contends that the amount of crack cocaine that he possessed--5.36 grams--was insufficient, by itself, to prove intent to distribute. However, Davis possessed roughly the amount of crack cocaine that a "strong" user would ingest in a little under two months. See United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996) (a "strong" user's daily dose is approximately 1/10 of a gram), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398). Combined with Cobb's testimony that Davis had not had a job in fifteen years and the recovery of over $500 in cash from Davis, the amount in question was sufficient evidence to support the jury's inference of intent to distribute beyond a reasonable doubt.

Davis next challenges the absence of an instruction to the jury that it could find him guilty of the lesser included offense of possession of crack cocaine. Davis did not request the lesser included offense instruction and did not object to the district court's omission of the instruction. A defendant is entitled to a lesser included offense instruction if the evidence warrants the instruction and the defendant requests it. See United States v. Baker, 985 F.2d 1248, 1259 (4th Cir. 1993). However, when a defendant fails to request an instruction,

3

such an instruction may well be at odds with the trial strategy of defense counsel. See United States v. Chandler , 996 F.2d 1073, 1099 (11th Cir. 1993). Such was the case here: Davis's defense was purely exculpatory--he claimed that the drugs belonged to Cobb. Because a lesser included offense instruction would have been inconsistent with Davis's defense, the district court did not err by failing to give such an instruction sua sponte. See id.

Accordingly, we affirm Davis's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4